IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terris Parson,                                             Case No.  4:12 CV 467

                Petitioner,             MEMORANDUM OPINION
                                    AND ORDER

      -vs-

                                    JUDGE JACK ZOUHARY

Robert Farley,

                Respondent.

### INTRODUCTION

*Pro se* Petitioner Terris Parson filed this action for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner, who is in federal custody at the Elkton Federal Correctional Institution in Lisbon, Ohio ("FCI  Elkton"), names Warden Robert Farley as Respondent.  Petitioner alleges the Bureau of Prisons ("BOP") is prohibited from denying him a sentence reduction under 18 U.S.C. § 3621.  For reasons set forth below, the Petition is denied.

### BACKGROUND

Petitioner pled guilty in a South Carolina federal court to one count of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846.  *See United States v.  Parson*, No. 4:07 CR 357 (D. SC filed Mar. 27, 2007) (Wooten, J.).  The district court sentenced Petitioner to 84 months in prison and recommended the BOP evaluate him for participation in a drug treatment program while incarcerated.

Petitioner enrolled in the Residential Drug Abuse Treatment Program ("RDAP") at FCI Elkton, which permits some participants to receive a one-year sentence reduction pursuant to 18 U.S.C. § 3621.  That statute provides, in part:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621 (e)(2)(B).

The BOP allegedly advised Petitioner he was not entitled to the reduction because his sentence was enhanced two levels for using a firearm. Nevertheless, Petitioner argues he is eligible because he is a "nonviolent" offender. According to Petitioner, the BOP cannot use a firearm enhancement to label him as a violent offender because he was not convicted of a violent crime. He reasons if he were guilty of using a firearm, the Government would have convicted him under one of the relevant criminal statutes. Instead, he maintains the BOP is punishing him for a crime he has not committed.

### STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

2

**DISCUSSION**

Under Section 3621(e)(2)(B), the BOP may reduce the sentence of a prisoner who (1) was "convicted of a nonviolent offense" and (2) "successfully completes a treatment program."  As the Supreme Court noted, the BOP "has the authority, but not the duty," to reduce an eligible individual's term of imprisonment under the statute after that individual successfully completes drug treatment. *Lopez v. Davis*, 531 U.S. 230, 241 (2001).  Because Section 3621 did not define "nonviolent offense" when it was enacted, the BOP published 28 C.F.R. § 550.58 to define it.  Under the latest version of Section 550.58, effective March 16, 2009, it is within the Director's discretion to render ineligible for early release:

> (5) Inmates who have a current felony conviction for:
>
> > (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device); . . .
>
> (6) Inmates who have been convicted of an attempt, conspiracy, or other offense which involved an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section.

28 C.F.R § 550.55.

Sentencing Guidelines § 201.1(b)(1) permits a trial judge to increase a defendant's base offense by two levels when "a dangerous weapon (including a firearm) was possessed" during the unlawful distribution of narcotics.  In *Lopez*, the Supreme Court expressly held Section 3621(e)(2)(B) grants the BOP broad discretion to exclude prisoners from receiving a sentence credit if they are serving sentences for drug conspiracy enhanced for a weapons possession.  *See Lopez*, 531 U.S. at 241 (Section 3621(e) did not limit considerations BOP could use to make decisions and BOP reasonably concluded inmate's involvement with firearms in connection with a felony was relevant to early release decision); *see also Swant v. Hemingway*, 23 App'x 383, 384 (6th Cir.  2001) (BOP did not

3

abuse its discretion by categorically excluding inmates from Section 3621 sentence reduction where sentences included weapon enhancements).

Like *Lopez*, Petitioner qualified for the BOP's treatment program, but is categorically ineligible for early release under the BOP's policy in Section 550.58(a)(1)(vi).  Petitioner's challenge to the BOP's discretionary power to deny him early release is not well taken.

### CONCLUSION

For the foregoing reasons, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is also dismissed as moot. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies that an appeal could not be taken in good faith.

IT IS SO ORDERED.

_____s/ Jack Zouhary_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 12, 2012

4